IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

WILLIE SMITH #1946942,
        Plaintiff,

-vs-                                                            Case No. A-15-CA-1017-SS

MICHAEL MURSURA, VICTORIA LYNN ALLEN, and THE CITY OF SMITHVILLE,
        Defendants.

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Willie Smith's Complaint [#1], Plaintiff's More Definite Statement [#9], the Report and Recommendation of United States Magistrate Judge Mark Lane [#11], and Plaintiff's Objections [#14].

All matters in this case were referred to United States Magistrate Judge Mark Lane for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Plaintiff is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

Plaintiff Willie Smith claims he was falsely arrested and charged with a crime he did not commit. He is currently incarcerated in the Hodge Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff brings this § 1983 suit against Police Officer Michael Mursura and Victoria Allen, the Smithville City Manager's wife with whom Plaintiff allegedly had an affair. According to Plaintiff, Mursura falsely represented to the magistrate judge that Plaintiff was selling drugs, and Allen framed Plaintiff by recording two encounters which purportedly showed Plaintiff selling drugs. According to Plaintiff, Allen used her husband's position as the Smithville City Manager to "frame" Plaintiff after her husband found out about the affair. Plaintiff seeks $1,000,000 in damages as a result of Mursura and Allen's alleged harassment, slander, false imprisonment, entrapment, and perjury.

## Analysis

### I.   Legal Standard

An *in forma pauperis* proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2) if "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous "'if it lacks an arguable basis in law or fact.'" *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). A dismissal for frivolousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The allegations in the complaint, "particularly a *pro se* complaint, must be accepted as true, along with any reasonable inferences that may be drawn therefrom." *Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). The petitioner's *pro se* status, however, does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Hous. N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## II.     Application

### A.     Statute of Limitations

Plaintiff's § 1983 claims are frivolous, because they are barred by the statute of limitations. *See, e.g.*, *Wyatt*, 157 F.3d at 1019–21 (explaining clearly time-barred IFP claims are properly dismissed as frivolous). Because there is no statute of limitations for civil rights actions brought under § 1983, the United States Supreme Court has instructed federal courts to apply the forum state's personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249–50 (1989). In Texas, the statute of limitations is two years. TEX. CIV. PRAC. REM. CODE § 16.003(a).

Although Texas law governs the applicable limitations period, federal law determines when the cause of action accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury which forms the basis of his action. *Piotrowski v. City of Houston*, 51 F.3d 512, 514, n.5 (5th Cir. 1995). In a § 1983 claim for damages arising from a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, the statute of limitations "begins to run at the time

the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007).

Plaintiff was booked on January 12, 2013, according to Bastrop County Clerk's records. *See* R. & R. [#11-1] Ex. 1 (Appendix). He was released that same day after posting a $20,000 surety bond for the three criminal cases charging him with delivery of a controlled substance. *Id.* The statute of limitations in this case began to run on January 12, 2013, when Plaintiff was detained pursuant to legal process following his bond hearing. Plaintiff did not file his complaint until July 16, 2015, well after the two-year statute of limitations expired. *See* Compl. [#1].

In his objections, Plaintiff argues the statute of limitations should be tolled, because he did not gain access to the appropriate *pro se* papers until he was later transferred to the Texas Department of Criminal Justice. Obj. [#14] at 3. "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "Texas courts sparingly apply equitable tolling and look, inter alia, to whether a plaintiff diligently pursued his rights; litigants may not use the doctrine to avoid the consequences of their own negligence." *Myers v. Nash*, 464 F. App'x 348, 349 (5th Cir. 2012).

In this case, Plaintiff has not shown grounds for equitable tolling. The Fifth Circuit has previously determined that an inadequate law library is insufficient to establish the extraordinary circumstances which warrant equitable tolling. *See Schaefer v. Stack*, 641 F.2d 227, 228 (5th Cir. 1981) (applying Florida law); *Madis v. Edwards*, 347 F. App'x 106, 108 (5th Cir. 1009). Because Plaintiff has failed to explain how an inadequate library prevented him from contacting a lawyer or requesting the papers from a prison official, equitable tolling is not warranted. Therefore, Plaintiff's federal claims are dismissed as time-barred.

B.  **Supplemental Jurisdiction**

In addition to his § 1983 claims, Plaintiff asserts state law claims. A district court may decline to exercise supplemental jurisdiction over a state claim where the claim raises novel or complex issues of state law, where the state claim predominates over the federal claims, where all federal claims have been dismissed, or where there are other compelling reasons to decline jurisdiction. *See* 28 U.S.C. § 1367(c). Because the Court dismisses Plaintiff's federal claims as time-barred, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

## Conclusion

Accordingly,

IT IS ORDERED that Plaintiff Willie Smith's Objections [#14] are OVERRULED;

IT IS FURTHER ORDERED that the Report and Recommendation of the United States Magistrate Judge Mark Lane [#11] is ACCEPTED;

IT IS FURTHER ORDERED that Plaintiff Willie Smith's Complaint [#1] is DISMISSED WITH PREJUDICE;

IT IS FINALLY ORDERED that the Clerk of Court shall e-mail a copy of this order to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

SIGNED this the 3rd day of February 2016.

*Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE